| 8 | 19 |
| 89 | 323 |

## PATTEN *vs.* HUNNEWELL.

To sustain a motion for the rejection of an award, on the ground that improper testimony was admitted by the referees; it is not enough to show that such testimony was admitted, unless it also appear that it was objected to by the party.

Where a motion was made in the court below for the rejection of an award made under a rule of court, because the referee received the testimony of the adverse party in support of his own claim ; and the Judge was of opinion that this, if proved, constituted no sufficient cause for rejecting the report; and thereupon the objector omitted to offer proof of the fact, but took exceptions to the opinion of the Judge, the report being accepted ;—it was held that the party was not entitled to the relief sought by the exceptions, because of that omission.

Whether referees may lawfully examine the parties themselves before them,— *quære.*

THIS case, which was *assumpsit* on an account annexed to the writ, was referred in the court below, by a rule of court. On the coming in of the award, which was in favor of the plaintiff, the de-

fendant objected to its acceptance, " because the referee admitted the verbal statement of the plaintiff, not under oath, in proof of a material part of the claim or cause of action sued ; and upon said statement, without any other evidence in support of it, allowed that part of said cause of action, and awarded that the plaintiff recover the same :—also, because the referee admitted the plaintiff to prove another part of his claim by his own oath, unsupported by any other evidence, and upon such proof awarded that the plaintiff recover this claim also. But no evidence was offered of the facts on which the motion was founded." *Ruggles J.* then presiding in the court below, was of opinion that the facts set forth in the motion, if proved, would not constitute a sufficient ground for setting aside the award ; and therefore accepted it and entered judgment thereon. To which the defendant filed exceptions, pursuant to the statute.

*W. W. Fuller,* for the defendant, contended that the rules of evidence were the same in all courts ; the same reasons equally applying in all cases ; 17 *Mass.* 303, 326 ; and that referees appointed under a rule of court were officers of the court, and their conduct therefore subject to examination and revision.

Whatever is good cause for a new trial at law, or to arrest a judgment, is good cause to set aside an award. 1 *Dane's Abr. ch.* 13, *art.* 4, *sec.* 6, and *art.* 15, *sec.* 5 ; 4 *Johns. Ca.* 214 ; 1 *Dall.* 486 ; 4 *Dall.* 298. The policy of the law is in favor of settlements by arbitration. The statute is professedly so. Hence the importance of establishing settled rules of proceeding before referees, that parties may have confidence in resorting to that mode of decision. But if referees may call for the declarations of the parties, the parties themselves may offer them, as of right; contrary to uniform practice in this state, especially under rules of court. *North Yarmouth v. Cumberland,* 6 *Greenl.* 21 ; *Jones v. Boston Mill Corporation,* 6 *Pick.* 154.

He also cited 1 *Saund.* 327, *note c ; Brown v. Bellows,* 4 *Pick.* 190 ; 10 *Mass.* 253 ; 2 *Pennington's Rep.* 932.

*Leach,* for the plaintiff.

MELLEN C. J. delivered the opinion of the Court.

Patten *v.* Hunnewell.

The question presented in this case comes before us in a form somewhat unusual. An objection was made in the Court of Common Pleas to the acceptance of the report, for certain reasons said to exist, but of which no proof whatever was offered; and we have no means of knowing whether any proof of the facts alledged ever can be produced. The Judge expressed an opinion that, if proved, those facts would furnish no sufficient ground for setting aside the report; to this opinion the defendant excepted. Had he offered proof of the facts stated and the Judge had rejected it; or if he had admitted it, and placed his decision on its insufficiency, the intended question would have been properly before us on the exception; but such is not the case, and on this ground we think the defendant is not entitled to the relief he seeks. But without going into the general questions which have been argued, we think there is also another objection to the prevalence of the defendant's motion. It does not appear that there was any objection made to the mode of proceeding adopted by the referee; for aught which appears, the whole might have been done by consent of parties; such a course being often pursued in cases of this nature. Surely, if in a trial at law, an improper witness is admitted without any objection, such admission can be no legal ground for an exception; and why should it be here? We see no reason for sustaining the exception; and it is accordingly overruled. *Judgment for Plaintiff.*